# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CARMELA POWELL,      )
                                 )
      Plaintiff,        )
                                 )
      v.              )      C.A. No. N18C-12-233 ALR
                                 )
STATE OF DELAWARE   )
DEPARTMENT OF        )
CORRECTIONS,        )
                                 )
      Defendant.      )

Submitted: June 8, 2020
Decided: June 16, 2020

### *Upon Defendant's Motion for Summary Judgment*
### GRANTED

### <u>ORDER</u>

Upon consideration of Defendant's unopposed[1] motion for summary judgment; the facts, arguments, and authorities set forth by Defendant; the Superior Court Rules of Civil Procedure; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

---

[1] Plaintiff's deadline to file a response to Defendant's motion has been extended several times. While the Court appreciates that Plaintiff is currently proceeding as a self-represented litigant, "[t]here is no different set of rules for [self-represented] plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate [a self-represented] plaintiff." *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

1.     Plaintiff Carmela Powell ("Plaintiff") filed this action alleging that she was injured while visiting an inmate at the James T. Vaughn Correctional Center. The Complaint alleges that Defendant State of Delaware, Department of Corrections ("Defendant") negligently caused Plaintiff's injuries.

2.     Defendant, a State agency, moved to dismiss the Complaint arguing (1) that Plaintiff's claims are barred by the doctrine of sovereign immunity and (2) that Plaintiff failed to perfect service under 10 *Del. C.* § 3103.  Attached to Defendant's motion is an affidavit of Debra Lawhead, the Insurance Coverage Administrator of the State of Delaware, which supports Defendant's sovereign immunity argument. Accordingly, the Court converted Defendant's motion to dismiss into a motion for summary judgment[2] and afforded the parties additional time to present all materials pertinent to such a motion.[3]

3.     The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4]  A genuine issue of material fact

---

[2] *See* Super. Ct. Civ. R. 12(b) ("If, on a motion . . . to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment . . . .").
[3] *See* D.I. 46; *accord* Super. Ct. Civ. R. 12(b) ("[A]ll parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").
[4] Super. Ct. Civ. R. 56(c).

is one that "may reasonably be resolved in favor of either party."[5] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[6] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[7] Summary judgment is appropriate only if Plaintiff's claims lack evidentiary support such that no reasonable jury could find in Plaintiff's favor.[8]

4.    "[T]he doctrine of sovereign immunity provides that neither the State nor a State agency can be sued without its consent. The General Assembly, however, can waive sovereign immunity by an Act that clearly evidences an intention to do so."[9] There are two means by which the State may waive sovereign immunity: (1) by procuring insurance coverage under 18 *Del. C.* § 6511 for claims in the Complaint; or (2) by statute which expressly waives immunity.[10]

5.    The affidavit of Ms. Lawhead establishes that the State has not waived immunity by procuring insurance coverage under 18 *Del. C.* § 6511.[11] Ms. Lawhead

---

[5] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[6] *Id.*
[7] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[8] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).
[9] *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004).
[10] *Parker v. Wireman*, 2012 WL 1536934, at *1–2 (Del. Super. Apr. 30, 2012); *J.L. v. Barnes*, 33 A.3d 902, 913 (Del. Super. Ct. 2011).
[11] *See Caraballo v. Del. Dep't of Corr.*, 2001 WL 312453, at *1 (Del. Super. Mar. 22, 2001) ("The Courts have consistently relied on such affidavits in determining

avers that she reviewed the Complaint and that "[t]he State of Delaware, and its agency . . . thereof, has not purchased any insurance . . . that would be applicable to the circumstances and events alleged in the [C]omplaint."[12]  Moreover, Ms. Lawhead's affidavit confirms that the "General Assembly [has not] enacted any legislation pertaining to or allowing any possible liability of the State resulting from the facts as alleged in said Complaint."[13]  Ms. Lawhead's affidavit also confirms that no other statute waives immunity in this instance[14]—a proposition that Plaintiff has not contested.  "The Courts have consistently relied on such affidavits in determining that the State has not waived sovereign immunity . . . because there is not insurance coverage for the risks presented."[15]  Moreover, the Court has found no statutory enactment by which the General Assembly has waived sovereign immunity for claims arising from the facts alleged here.

---

that the State has not waived sovereign immunity . . . because there is not insurance coverage for the risks presented."); *see also, e.g.*, *Jackson v. State*, 2000 WL 33115718, at *1–2 (Del. Super. July 7, 2000) (finding the State did not waive sovereign immunity "[b]ased upon the unrebutted affidavit" of the State Insurance Coverage Administrator).

[12] Aff. Debra Lawhead ¶ 4.

[13] Aff. Debra Lawhead ¶ 5.

[14] *See* Aff. Debra Lawhead ¶ 5; *see also Parker*, 2012 WL 1536934, at *2 ("Where neither [waiver under Section 6511 nor waiver under another statute] is present, the [S]tate normally files an affidavit of the director of the State of Delaware Insurance Office so stating and sovereign immunity is established.").

[15] *Caraballo*, 2001 WL 312453, at *1.

6. Accordingly, the doctrine of sovereign immunity bars Plaintiff's claims against Defendant and Defendant is therefore entitled to judgment as a matter of law.[16]

**NOW, THEREFORE, this 16th day of June 2020, Defendant's motion for summary judgment is hereby GRANTED and JUDGMENT is entered in favor of Defendant.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[16] Having found that sovereign immunity bars Plaintiff's claims, the Court does not reach the issue of whether Plaintiff failed to perfect service under 10 *Del. C.* § 3103.